# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv156

| | | |
|---|---|---|
| ABBOT GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| HOBIE CAT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(c), and upon defendant's Motion to Transfer Venue (#15). Having carefully considered defendant's Motion to Transfer, plaintiff's response, and defendant's reply, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Background

In this action, plaintiff Abbot Group claims damages against defendant Hobie Cat for an alleged breach of contract arising out of a manufacturer's representative agreement ("Agreement") which was purportedly entered into between these two parties. It is undisputed that Hobie Cat is a Missouri corporation with its principal place of business in California. Compl., at ¶3; Agreement, at 1. It is equally

undisputed that Abbot Group is a North Carolina limited liability company. Compl., at ¶2.

Abbot Group alleges that, pursuant to the Agreement, it and its customers placed orders with Hobie Cat for products exceeding $3,000,000.00 in value. Compl., at ¶16. Under that same Agreement, the terms thereof provide that any disputes arising under it are to be construed under the laws of the State of California, Agreement, at ¶21, and that any disputes arising under the Agreement are to be mediated and arbitrated. Defendant seeks transfer based on convenience of the parties.

## II.     Motion to Transfer Venue

Venue of an action, such as this, which is removed to a federal court from a state court based on diversity jurisdiction is governed by the venue provisions of 28, United States Code, Section 1441(a). Godfredson v. JBC Legal Group, P.C., 387 F.Supp.2d 543, 547 (E.D.N.C.2005); Three M Enterprises, Inc. v. Texas D.A.R. Enterprises, Inc., 368 F.Supp.2d 450, 455-56 (D.Md. 2005).

Section 1441(a) provides in relevant part that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court embracing the place where such action is pending.*" Id. (emphasis added). The district court in

Three M Enterprises, Inc. explained:

> By requiring removal to the district court for the district in which the state action is pending, Section 1441(a) "properly fixes the federal venue in that district." *Hollis v. Florida State University,* 259 F.3d 1295, 1300 (11th Cir.2001). Indeed, courts have recognized that Section 1441(a) establishes federal venue in the district where the state action was pending "as a matter of law," even if venue would be "improper under state law when the action was originally filed." *See Hollis,* 259 F.3d at 1300 (citing *Serrano v. United States Fire Ins. Co.,* No. EP-00-CA-255-DB, 2000 WL 33348220, *1-2 (W.D.Tex. Nov. 7, 2000); *Bacik v. Peek,* 888 F.Supp. 1405, 1413 (N.D.Ohio 1993); and R. Givens, 1 Manual of Federal Practice § 2.28 (5th ed.1998)).

Id., at 454 (footnote omitted). By removing this action to this court, defendant has conceded that this is a proper venue. Kerobo v. Southwestern Clean Fuels Corp., 285 F.3d 531 (6th Cir. 2002)(venue in a case removed from state court is governed solely by § 1441(a), requiring denial of motion to dismiss or transfer venue under Section 1406(a)).

Defendants properly cite Section 1404(a) in moving to transfer venue. Where, as here,

> a district court is the appropriate forum for venue purposes under Section 1441, then a subsequent transfer to another federal district court must be based upon Section 1404(a) rather than on Section 1406(a) ....

See 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3726, at 123 (3d ed. 1998 & Supp.2005) (citations omitted). Section 1404(a), provides for a motion to transfer venue by a "defendant in a removed action,

if it believes that the case can be better litigated or tried in another court, has the option of seeking transfer pursuant to 28 U.S.C. § 1404(a)." Godfredson v. JBC Legal Group, P.C., supra, at 556 (citation omitted). Section 1404(a) provides, as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

In Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93 (W.D.N.C. 1990), this court established a litany of considerations applicable to any motion to transfer made under 28, United States Code, Section 1404(a). In order to determine whether transfer is proper, a balance must be struck between the competing interests. Unless the balance is tipped strongly in favor of the moving party, Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984), plaintiff's choice of forum should not be disturbed. Upon a motion to transfer, the moving party carries the burden, 1A Moore's Federal Practice, paragraph 0.345[5] at 4360 (Matthew Bender 1990); and the burden is heavy. Datasouth Computer Corp. v. Three Dimensional Technologies, Inc., 719 F. Supp. 446, 451 (W.D.N.C. 1989).

> A defendant carries a particularly heavy burden when it moves pursuant to [Section] 1404(a) to transfer an action from a district where venue is proper. As this court has noted previously, it is "black letter law," that

"plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed."

Phillips v. S. Gumpert Co., Inc., 627 F. Supp. 725, 726-27 (W.D.N.C. 1986) (citations omitted) (quoting Western Steer Mom 'N' Pop's v. FMT Invs., Inc., supra, at 265).

The relevant considerations are, as follows:

1. The plaintiff's initial choice of forum;

2. The residence of the parties;

3. The relative ease of access of proof;

4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;

5. The possibility of a view;

6. The enforceability of a judgment, if obtained;

7. The relative advantages and obstacles to a fair trial;

8. Other practical problems that make a trial easy, expeditious, and inexpensive;

9. The administrative difficulties of court congestion;

10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and

11. The avoidance of unnecessary problems with conflict of laws.

Id. at 7-8. Courts should make both a quantitative and a qualitative analysis of the factors. McDevitt & Street Co. v. Fidelity and Deposit Co., 737 F. Supp. 351, 354 (W.D.N.C. 1990). The court will, therefore, review defendant's request in light of such factors, *seriatim:*

**(1)     The plaintiff's initial choice of forum.**

In this case, plaintiff clearly desires to litigate this matter in the Western District of North Carolina. The court assigns this choice great weight and finds that it is of paramount importance.

**(2)     The residence of the parties.**

Plaintiff resides in this district and defendant appears to be a corporate resident of Missouri with it principle place of business in California. This factor is neutral.

**(3)     The relative ease of access of proof**.

Defendant argues that this factor weighs in favor of transfer inasmuch as documents concerning sales appear to be maintained in Oceanside, California, where all sales were subject to approval. In support of such argument, defendants cite Jim Crockett Promotions, Inc., supra, in which this court transferred that case in part in light of accounting documents being maintained in New York. While Jim Crockett Promotions, Inc., remains the law of this district, the physical aspects of accounting have changed greatly from 1990 and 2007. The undersigned, until recently taking the

bench, represented an accounting firm from its inception in the 1970's through its present day incarnation as the largest accounting firm in the Southeast. In that time, accounting and the underlying business records have gone from bulk ledgers and carbon receipts to purely electronic data. While the actual records are not now before the court, the undersigned cannot imagine that Hobie Cat would be behind the times on any technology, especially automation of sales and accounting. While there will most certainly be a number of witnesses from California as well as some paper documents (there is nothing like automation to increase paper usage), other proof such as plaintiff's own sales records may be found in this district. In light of the new discovery requirements concerning ESI, the court finds this factor to be neutral inasmuch as electronically stored data is just as accessible in Asheville, North Carolina, as it would be in Oceanside, California.

**(4) The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses.**

In the event of transfer, under Rule 45 it would appear that witnesses located within this district, if any, that plaintiff would want to depose or call for trial would be outside the subpoena power of the Southern District of California, but that such witnesses could be subpoenaed for depositions within this district through process issued by this court. In the event any witnesses located in this district were unwilling

to attend trial in California, such deposition testimony could be admissible as that of an unavailable witness. If, however, this matter were kept here, it would appear that there would be little concern as to compulsory process inasmuch as many of the California witnesses would likely be employees or agents of the defendant. While defendant has well argued the costs that it will incur in bringing its employees to North Carolina, and the loss of productively that would naturally occur, it appears that regardless of where this action is tried, there will be substantial costs to both sides for travel to and from both North Carolina and California. Certainly, with the liberal allowance of alternative means of depositions and with the possibility that counsel for plaintiff could travel to California to take corporate depositions in bulk, many of defendant's concerns could be alleviated. It appearing that defendant may have a better argument on costs and that plaintiff has the better argument on compulsory process, this factor is also neutral.

**(5)   The possibility of a view.**

This factor is neutral in that there is nothing tangible to view.

**(6)   The enforceability of a judgment, if obtained.**

This factor is also neutral inasmuch as a judgment obtained in a federal court in California is - - as is a judgment obtained in this court - - enforceable nationwide.

**(7)   The relative advantages and obstacles to a fair trial.**

This factor is neutral in that a fair trial can be obtained in any federal court for either side.

**(8) Other practical problems that make a trial easy, expeditious, and inexpensive.**

There appear to be no other practical problems outside of the factors previously considered that make trial any easier here than in California. This factor is neutral.

**(9) The administrative difficulties of court congestion.**

There appears to be no significant difference in court congestion. This factor is neutral.

**(10) The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action**.

In understanding this factor, it is first important to understand the nature of the controversy. Plaintiff contends that it is due commissions on the sales of approximately $3,000,000.00 worth of defendant's goods. Clearly, while the people of California would have an interest in the business dealings of defendant in other states, the controversy is more localized in North Carolina inasmuch as plaintiff is a corporate resident of this state and contends that it is due commissions earned, in part,

based on work accomplished within the forum state.[1] On the other hand, the Agreement provides for application of California law. While defendant argues that a California court would be more at home with California law in one part of its brief, it goes on to argue at page 10 that there is no substantive difference in the substantive provisions of the laws of California and North Carolina, both of which provide for exemplary damages where sales commissions are wrongfully withheld. This factor appears to be slightly beyond neutral and would in this court's estimation be favorable to plaintiff's choice of forum.

**(11) The avoidance of unnecessary problems with conflict of laws.**

According to defendant, there is no substantive conflict of law. Docket Entry 16, at 9-10. No party has pointed to any conflict of law, thus this factor is neutral.

## III. Conclusion

Having considered all of the factors individually, the undersigned will now consider all the factors cumulatively. Quantitatively, two factors favor retention and none favor transfer. Qualitatively, the initial choice of forum is given great weight and is of paramount importance. The court would also assign some additional weight to North Carolina's interest in a controversy which involves whether the sales

---

[1] It appears that plaintiff was a Southeastern sales representative for defendant, with North Carolina constituting part of its sales.

representative located in North Carolina has been properly compensated. Having considered the well-reasoned briefs of respective counsel, as well as reviewed current case law, the court will deny the Motion to Transfer and require defendant to Answer or otherwise respond to the Complaint as previously ordered.

* * *

Anticipating that a Motion to Stay pending mediation or arbitration is likely to soon be filed, the court requests that the parties through counsel meet in an attempt to resolve this dispute or, failing such, attempt to agree upon a resolution process that is in accord with the Agreement.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Transfer Venue (#15) is, respectfully, **DENIED,** and defendant shall Answer or otherwise respond to the Complaint within the time previously ordered.

Signed: June 26, 2007

_____
Dennis L. Howell
United States Magistrate Judge